```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


ROLAND YOUNGE,                    )
                                  )
            Plaintiff,            )
                                  )
       vs.                        )    No. 4:05-CV-1890 (CEJ)
                                  )
JOAN MORIARTY, et al.,            )
                                  )
            Defendants.           )
```

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss this action for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff Roland Younge has responded, and the issues have been fully briefed.

Plaintiff brings this action, claiming that he was denied a promotion because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq* (Title VII). The defendants, Joan Moriarty and the Twenty-Second Judicial Circuit of Missouri, argue that this action should be dismissed because neither of them is an "employer" as that term is defined in Title VII .

### I. Background

Plaintiff alleges that he has been employed by the defendants since November 13, 1996. Defendant Joan Moriarty is a judge in the probate division of the Twenty-Second Judicial Circuit Court, located in the St. Louis, Missouri. As to defendant Moriarty, plaintiff alleges that "part of her responsibilities involves administrative decisions relating to the hiring, firing, promoting,

assignments and discipline of employees of the Probate Court, including the plaintiff herein." Complaint, ¶2. According to the plaintiff, defendant Moriarty has engaged in "a series of unlawful acts, practices policies and procedures" which form a "blatant and willful pattern of race discrimination." First, plaintiff states that defendant Moriarty has established employee retention and elimination practices that have resulted in terminating African-American employees because of their race. Second, plaintiff alleges that defendant Moriarty's promotion, demotion, transfer and assignment practices have deprived qualified African-American employees of opportunities open to white employees. Third, plaintiff alleges that defendant Moriarty applied different sets of standards to the hiring, promotion, assignment and discipline of African-American and white employees.

Plaintiff claims that he has been affected by the defendant's discriminatory employment practices. Plaintiff applied for a promotion to a supervisory position, but his application was denied. A subsequent grievance that he filed was dismissed by the presiding judge of the defendant Twenty-Second Judicial Circuit. Defendant Moriarty subsequently hired a white person, who had not been employed in the circuit court, to fill the position for which plaintiff had applied.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure

to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**III. Discussion**

The issue presented by the instant motion is whether either defendant is an "employer" under Title VII. The statute defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). In the complaint, plaintiff alleges that defendants Moriarty and the Twenty-Second Judicial Circuit are engaged in an industry affecting commerce and that they employ the requisite number of employees for the length of time the statute requires.

Defendants' first contention---that neither of them is in an industry affecting commerce---is at odds with the language of the statute. Title VII expressly states that "industry affecting commerce . . . includes any governmental industry, business or activity." 42 U.S.C. § 2000e(h). The administration of justice is a governmental activity, and so both defendants qualify as participating in industries affecting commerce for the purposes of Title VII.

Defendants' second contention is that neither of them employs anyone, hence neither is an employer. Defendant Moriarty further argues that as a co-worker or supervisor of the plaintiff, she cannot be held individually liable under Title VII.

In <u>Lenhardt v. Basic Institute of Technology</u>, 55 F.3d 377 (8th Cir. 1995), an employment discrimination action brought under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. Ch. 213 (1994), the court upheld the grant of summary judgment in favor of the defendant, who was the president, sole shareholder and sole director of the co-defendant company that employed the plaintiff. At issue was whether the president was a "employer" of the plaintiff. Because the Missouri Supreme Court had not determined whether individual officers of a corporate employer could be held liable as employers under the MHRA, the court of appeals looked to analogous federal employment discrimination decisions to construe the MHRA's definition of employer. After a review of recent cases decided under Title VII, the court concluded:

> The consensus of these courts is that Title VII actions brought against individual employees are against those employees in their "official" capacities, and that liability can be imposed only upon the common employer of the plaintiff and of the individual fellow employees who are named as defendants. Under this view, the language "any agent of such a person" is designed to incorporate the principles of respondeat superior into Title VII rather than to expose either supervisors or co-workers to personal liability in employment discrimination cases. (Citation omitted)

Id. at 380. Thus, the court ruled that the president could not be held individually liable for employment discrimination under the MHRA.

In Stevenson v. Brod Dugan Paint and Wall Coverings, 934 F. Supp. 1131, 1132 (E.D. Mo. 1996), the district court, noting that the Eighth Circuit has "embraced the majority view that an employee, even one possessing supervisory authority, is not an 'employer' upon whom liability can attach under Title VII," granted the motion to dismiss the hostile work environment and failure to promote claims brought under Title VII against the plaintiff's supervisors.

In the complaint, plaintiff alleges that defendant Moriarty's administrative duties include hiring, firing, promoting, and disciplining probate court employees. These are the traditional duties performed by supervisory personnel. It is noteworthy that paying employees' salaries and establishing salary schedules or rates of pay---duties that are traditionally performed by employers---are not included in the list. Plaintiff makes no allegation in his complaint or in response to the motion that defendant Moriarty pays the salaries of the probate court employees

or that she determines the rate of pay for positions within the probate court. After reviewing the allegations of the complaint and the law in the Eighth Circuit, the Court concludes that the complaint fails to state a claim against defendant Moriarty.

Defendant Twenty-Second Judicial Circuit asserts in the memorandum supporting the motion to dismiss that it is "properly considered an administrative division of the Missouri state court system, and not an employer itself." Because of the vagaries of court administration, specific judicial circuits cannot be so cleanly designated as subdivisions of the state or as independent entities. For example, Missouri Revised Statute § 476.270 provides that, while most costs incurred by a circuit court are payable by the county in which it sits, some expenses are chargeable to the state or to specific municipalities.

The Eighth Circuit has allowed individual circuit courts in Missouri to be sued and held liable for the acts of their judges under Title VII. In Goodwin v. Circuit Court of St. Louis Co., 741 F.2d 1087 (8th Cir. 1984), the court affirmed the judgment of the district court holding the St. Louis County Circuit Court liable for sex discrimination under Title VII. In that case, the plaintiff alleged that she had been removed from her position as a juvenile court hearing officer because of her gender. The circumstances in Goodwin are very similar to those in this case. The Court concludes that the Twenty-Second Judicial Circuit may be subject to liability as an employer under Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss[#5] is **granted in part.**

**IT IS FURTHER ORDERED** that the complaint is **dismissed** as to defendant Joan Moriarty only for failure to state a claim.

**IT IS FURTHER ORDERED** that the motion to dismiss is **denied in all other respects.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2006.